FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 3 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| OCTAVIO ROMERO,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Respondents. | Case No. EDCV 12-00567 DSF (AN)<br><br>ORDER DISMISSING HABEAS PETITION |

## I. Summary

On April 17, 2012, *pro se* petitioner Octavio Romero filed his pending habeas petition ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). For the reasons discussed below, the Court finds the Petition is subject to summary dismissal based upon the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746 (1971), which is more commonly referred to as the *Younger* Abstention Doctrine.

///
///
///
///

## II. Discussion

**A.  Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Local Rule 72-3.2 of this Court also authorizes a magistrate judge to prepare a proposed order for summary dismissal and a proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief.

**B.  Romero's Petition**

The Petition, which is not prepared on this Court's approved petition form, principally recites portions of the Constitution and federal habeas statutes, and is primarily filled with allegations that are conclusory, unintelligible, and fanciful. However, a few of the intelligible allegations in the Petition and Petitioner's accompanying affidavits, along with the official records of the California Superior Court for San Bernardino County,[1] establish the following.

On March 8, 2012, Romero was arrested for murder and detained at the West Valley Detention Center, which is a county jail operated by the Sheriff-Coroner's Department for San Bernardino County. His arrest and detention relate to a criminal case pending in the San Bernardino Superior Court (case no. FVI1200578) where he is charged with murder by way of an information. On March 12, 2012, Romero initially appeared before Judge Lorenzo R. Balderrama. The official records of the San Bernardino Superior Court further establish Romero's arraignment is currently set for May 3, 2012. Romero's Petition purports to raise five claims for the purpose of attacking his arrest and detention in his pending state criminal

---

[1]  The Court takes judicial notice of the state court records for the County of San Bernardino for Petitioner's case available on the internet at http://openaccess.sb-court.org. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

Page 2

case. (Pet. at 1, 4-5.) His Petition also appears to incorporate a purported "counterclaim" for damages against the arresting officers and jail personnel.

## C. Analysis

To the extent Romero appears to challenge his recent arrest and detention relating to his pending state criminal case for murder, this Court lacks § 2254 jurisdiction because Romero is not "in custody pursuant to the judgment of a State court." § 2254(a). Further, in the event Romero is convicted and sentenced in his pending state case, any federal constitutional claims he may have stemming from his judgment of conviction for murder must first be exhausted on direct or collateral review in the state courts before he can seek § 2254 relief from this Court. § 2254 (b)(1)(A).

Additionally, under the *Younger* Abstention Doctrine, this Court is barred from directly interfering with Romero's ongoing state criminal proceedings. Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez v. Newport Beach City*, 125 F.3d 777, 781, n. 3 (9th Cir. 1997), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (*citing Bellotti v. Baird*, 428 U.S. 132, 143-144, n. 10, 96 S. Ct. 2857 (1976)); *see also San Remo Hotel v. City and Cnty. of S.F.*, 145 F.3d 1095, 1103, n. 5 (9th Cir. 1998). The doctrine is based upon principles of comity and federalism, which provide a federal court should not interfere with ongoing state proceedings except under special or extraordinary circumstances. *Younger*, 401 U.S. at 43-54; *Lebbos v. Judges of Super. Ct. Santa Clara Cnty.*, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interests of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'"). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th

Cir. 2004) (*Younger* abstention applies to actions for damages). *Younger* abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982); *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). Where there is an "opportunity" to present the claims in ongoing state proceedings, "[n]o more is required to invoke *Younger* abstention." *Juidice v. Vail*, 430 U.S. 327, 337, 97 S. Ct. 1211 (1977). The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371 (1979). The rationale of *Younger* applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *Dubinka*, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

Here, all of the *Younger* requirements for abstention are satisfied. Romero's state criminal prosecution for murder is ongoing. The State of California's interest in prosecuting those charged with having violated its criminal laws is indisputable. Equally without question is that Romero has the opportunity to raise any constitutional claims relating to his arrest, detention, and the pending state murder charges in the state trial and appellate courts. *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-78, 101 S. Ct. 2870 (1981) (holding there is a presumption state courts enjoy concurrent jurisdiction, and "[t]he general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication."); *Dubinka*, 23 F.3d at 224 (the existence of an opportunity to raise federal claims in state proceedings requires abstention). Indeed, § 2254 relief from this Court is unavailable unless Romero exhausts any federal constitutional claims he may have by fairly presenting them to the state high court on direct or collateral review. Finally,

1 | Romero's Petition and attachments also fail to allege or show the existence of any special
2 | or extraordinary circumstances within the meaning of *Younger*. *Younger*, 401 U.S. at 48-50.

### III. Conclusion

For the reasons set forth above, the reference to the magistrate judge is vacated, and the Petition is summarily dismissed without prejudice. A judgment of dismissal of the entire action shall be entered accordingly. Any and all pending motions are terminated.

**IT IS SO ORDERED.**

DATED: May 3, 2012

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge